IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUREN LETITIA BROWN,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-3131 |
| | : | |
| **DEB SULLI DEVEREUX,** | : | |
| Defendant. | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                          **SEPTEMBER 4, 2024**

Plaintiff Lauren Letitia Brown, acting *pro se*, has filed a Complaint asserting claims of employment discrimination, a Motion for Leave to Proceed *In Forma Pauperis*, and a Motion for Appointment of Counsel. Named as Defendants are her former employer, identified only as "Devereux," and her former supervisor, Deb Sulli.[1] (Compl. at 2.) For the following reasons, the Court will dismiss her Complaint with leave to amend.

**I.     FACTUAL ALLEGATIONS**[2]

Brown states that she is "Black/Asian," and began working for Devereux in July 2023. (*Id.* at 3.) She alleges that, from the outset of her employment, her supervisor Deb Sulli "would make racial[ly] explicit remarks to [Brown] that would make [her] extremely uncomfortable." (*Id.*) She claims that Sulli asked her "how Africans got here, did they arrive by boat," if she

---

[1] The Clerk of Court is directed, as stated in the order accompanying this memorandum, to amend the case caption to reflect these two separate Defendants.

[2] The facts set forth in this Memorandum are taken from Brown's Complaint and attached exhibits (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

"knew that there were more blacks than whites working here," and for her "thoughts on black single women taking care of their parents instead of putting them in nursing homes such as white women do." (*Id.* at 3-4.) Brown asserts that Sulli said that "she feels bad for the 'Blacks' in the city that will not get a proper education," and made other politically and racially charged statements. (*Id.* at 4.) She claims that her job was "mentally draining" knowing that she would have to face such comments. (*Id.*)

Brown states that the "last straw" came in November 2023, following a Zoom call with Sulli and two other people. (*Id.* at 4-5.) She explains that the call happened in the late afternoon and the lights were off in her office. (*Id.* at 5.) Brown claims that the next day, Sulli approached her and made comments implying "that she could only see my teeth [on the Zoom call] because [Brown is] so dark." (*Id.*)

Following this incident, Brown "felt [she] had no choice but to resign." (*Id.*) She called the human resources director, "told her everything that [she] had been experiencing," and gave a month's notice. (*Id.* at 5-6.) She had a meeting with human resources the next day and was told there would be an investigation of her claims, but she never learned the outcome of that investigation. (*Id.* at 6.) She claims that Sulli later sent her a text about the incident after the Zoom call, "asking for forgiveness." (*Id.*).

Brown filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in December 2023. (*Id.* at 7, 10-12.) The EEOC declined to take action and issued Brown a "right-to-sue" letter on April 24, 2024. (*Id.* at 13-14.) Brown appears to seek relief in the form of lost wages and damages. (*Id.* at 8.)

## II.   STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, No. 22-2846, 2024 WL 3820969 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Brown is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.     DISCUSSION

The Court understands Brown to assert claims for a hostile work environment and constructive discharge under Title VII of the Civil Rights Act of 1964 ("Title VII"), which prohibits discrimination in employment based on certain characteristics, including race.[3] *See* 42 U.S.C. § 2000e-2(a); *see also Green v. Brennan*, 578 U.S. 547, 559 (2016) ("[C]onstructive discharge is a claim distinct from the underlying discriminatory act."); *Pa. State Police v. Suders*, 542 U.S. 129, 146 (2004) ("The constructive discharge here at issue stems from, and can be regarded as an aggravated case of, sexual harassment or hostile work environment."). To plead a hostile work environment claim, a plaintiff must allege that: (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus.,*

---

[3] The EEOC charge document Brown attached to her complaint contains additional facts not stated in the Complaint. (*See* Compl. at 10–12.) In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a pro se plaintiff's complaint. *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)). However, a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles*, 658 F. App'x at 111 ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

*Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014).  However, "Title VII imposes no general civility code" as it "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct."  *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted).  A plaintiff alleging constructive discharge in the context of a hostile work environment bears the additional burden of "show working conditions so intolerable that a reasonable person would have felt compelled to resign."  *Suders*, 542 U.S. at 147.  To state a claim under the employment discrimination statutes, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]."  *Fowler*, 578 F.3d at 213 (3d Cir. 2009).

As an initial matter, Title VII makes it unlawful for an "employer" to discriminate.  42 U.S.C. § 2000e-2(a)(1).  Brown, however, seeks to assert claims under Title VII not only against her employer, Devereux, but against an individual who is not her employer, namely Sulli, a supervisor.  An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person."  42 U.S.C. § 2000e(b). The United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, such as Sulli, holding the term "employer" as used in Title VII does not encompass individual employees.  *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir.1996).  Accordingly, any claims against Sulli are meritless and will be dismissed with prejudice.

As to Brown's claims against Devereux as her employer, Brown alleges that her supervisor subjected her to repeated race-based comments that made her uncomfortable to the point where she felt that she had to resign.  Liberally construed, the Court concludes that Brown has alleged a sufficient basis for proceeding at this early stage of the litigation.  *See Huston v.*

*Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 105 (3d Cir. 2009) (explaining that the "basis of an employer's liability for hostile environment . . . depends on whether the harasser is the victim's supervisor or merely a coworker," and will be satisfied where "*management-level employees had actual or constructive knowledge about the existence of a . . . hostile environment*" (citations omitted)).

## IV.    CONCLUSION

For the foregoing reasons, Brown's claims against Sulli will be dismissed with prejudice, and her claims against Devereux will proceed to service by the U.S. Marshals in accordance with 28 U.S.C. § 1915(d). An appropriate Order with further instructions will be entered separately.[4]

BY THE COURT:

s/ Michael M. Baylson
**MICHAEL M. BAYLSON, J.**

---

[4] Brown's Motion for the Appointment of Counsel (ECF No. 12) is denied without prejudice to renewal after the filing of any responsive pleadings. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court must consider, among other things, the complexity of the legal issues presented and what factual disputes may require investigation).