IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUREN LETITIA BROWN,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-3131** |
| | : | |
| **DEB SULLI DEVEREUX,** | : | |
|     Defendant. | : | |

# ORDER

AND NOW, this 4th day of September, 2024, upon consideration upon consideration of Plaintiff Lauren Letitia Brown's Motion to Proceed *In Forma Pauperis* (ECF No. 1), *pro se* Complaint (ECF No. 2), and Motion to Appoint Counsel (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to **AMEND** the case caption to reflect two separate Defendants:

    a. Devereux

    b. Deb Sulli

4. Lloyd's claims against Deb Sulli are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Title VII does not provide a basis for individual liability. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc) ("Congress did not intend to hold individual employees liable under Title VII."); *see also Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 299 (3d Cir. 2017) (observing that "Title VII and the ADA impose liability only on *employers*").

5. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Deb Sulli as a party to this case.

6. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendant:

   a. Devereux

7. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Brown together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for the Defendant listed in paragraph six (6) of this Order. The Clerk of Court is further **DIRECTED** to record the mailing on the docket.

8. To proceed with service, Brown must complete a USM-285 Form for the Defendant listed in paragraph six (6) and return the completed form to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Brown completes and returns this form.

9. In completing the USM-285 Form, Brown is instructed as follows:

   a. Only one Defendant's name should appear on the USM-285 Form.

   b. Brown shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph six (6) of this Order, or any Defendant who already has been dismissed from this case.

   c. Brown should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

    d. Brown must provide each Defendant's complete address at a location where that Defendant can be served. **The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.** It is Brown's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the address of the Defendant.[1]

    e. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Brown's claims against any such Defendant.

10. Brown is cautioned that failure to return a completed USM-285 Form in accordance with the above instructions may result in dismissal of this case for failure to prosecute, without further notice from the Court.

11. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Brown returns in this case.

12. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of a properly completed USM-285 Form.

13. The Motion to Appoint Counsel is **DENIED** without prejudice to renewal after any responsive pleadings.

                                                    **BY THE COURT:**

                                                  s/ Michael M. Baylson
                                                  **MICHAEL M. BAYLSON, J.**

---

[1] *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").